UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-80163-CR-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

JORGE OSVALDO PAGAN,

    Defendant.

_____/



## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING DEFENDANT'S COMPETENCY

**THIS CAUSE** came before the Court following a competency hearing regarding the competency of Defendant, Jorge Osvaldo Pagan ("Defendant"). For the reasons given below, the undersigned respectfully **RECOMMENDS** that Defendant be found competent to stand trial.

**I.**     **Background**

On September 27, 2016, Defendant filed a Request for Competency and Sanity Evaluation Pursuant to 18 U.S.C. § 4241 and 4242. *See* DE 8. The Court held a Status Conference on the Motion on September 28, 2016. *See* DE 11. Also on September 28, 2016, the Court entered an Order [DE 13] granting Defendant's Request for Competency and Sanity Evaluation.

Defendant was examined by Dr. Lisa B. Feldman, a Forensic Psychologist employed by the Federal Bureau of Prisons, who evaluated Defendant to determine his competency to stand trial. Dr. Feldman memorialized her findings and recommendations in a report submitted to the Court and the parties. Said examination and report found that Defendant is competent to proceed.

During the status hearing regarding competency on December 23, 2016, both the Government and defense counsel stipulated and agreed that Defendant was competent to proceed

with the judicial process. The parties also stipulated to the forensic report of Dr. Lisa Feldman, which will be filed under seal.

## II. Discussion

The Due Process Clause of the Fifth Amendment to the United States Constitution prohibits the Government from prosecuting defendants who are incompetent. *See* U.S. Const. Amend. V; *Drope v. Missouri*, 420 U.S. 162, 171 (1975) ("It has long been accepted that a person whose mental condition is such that he lacks capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."). The Eleventh Circuit has stated that "[f]or a defendant to be competent to stand trial, he must have 'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding . . . and have a rational as well as factual understanding of the proceedings against him.'" *United States v. Rahim*, 431 F.3d 753, 759 (11th Cir. 2005) (quoting *Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995)). Pursuant to 18 U.S.C. § 4241(d),[1]

> If, after the hearing, the court finds by a preponderance of the evidence that the defendant is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, the court shall commit the defendant to the custody of the Attorney General.

The preponderance of the evidence standard of proof requires the factfinder to find "that the existence of [the] fact is more probable than its nonexistence." *In re Winship*, 397 U.S. 358, 371 (1970).

According to the Eleventh Circuit, a court is required to hold a competency hearing

---

[1] *See also* 18 U.S.C. § 4241(a) (providing the court shall grant a motion for a competency hearing, or shall order such a hearing sua sponte, where "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.")

2

whenever there is a "bona fide doubt" as to the defendant's competence. *Rahim*, 431 F.3d at 759. In making a competency determination, the Court may consider a number of factors, including the defendant's behavior in the courtroom, evidence of irrational behavior, and any prior medical opinions as to competence. *Drope*, 420 U.S. at 180. Similarly, the Eleventh Circuit has permitted the Court to consider a defendant's behavior and statements in open court, letters drafted by the defendant, and previous psychological evaluations. *See Rahim*, 431 F.3d at 759.

While the Court may consider expert testimony in determining competency, the Court is free to assign whatever weight the Court determines is due to such testimony. *See Battle v. United States*, 419 F.3d 1292, 1299 (11th Cir. 2005) (affirming the district court's decision finding the defendant competent because the Government's experts were determined to be more persuasive).

Here, upon an independent review of the facts, the governing law, the Forensic Report of Dr. Lisa Feldman, and the Court's observations of Defendant in the courtroom, and in light of the stipulations of the Government, defense counsel, and Defendant, the Court finds by a preponderance of the evidence that Defendant is competent to proceed with the judicial process.

### III.   Conclusion

Pursuant to the stipulation of the parties, the Forensic Report of Dr. Lisa Feldman, the findings of the Court, and 18 U.S.C. § 4241(d), it is respectfully **RECOMMENDED** that United States District Judge Kenneth A. Marra find that Defendant, Jorge Osvaldo Pagan, is competent to proceed with the judicial process.

### NOTICE OF RIGHT TO OBJECT

A party shall file written objections, if any, to this Report and Recommendation with United States District Judge Kenneth A. Marra within fourteen (14) days of being served with a

copy of this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C). Failure to object to this Report and Recommendation within that time period waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions. 11th Cir.R. 3-1.

**RESPECTFULLY RECOMMENDED** in Chambers at West Palm Beach, Florida, this 28th day of December, 2016.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE